MARLATT *vs.* SMITH and WARWICK.

Exceptions to a charge in an account stated by a master, which was founded on a statement presented to the master under the oath of the exceptants, may be allowed, if it appear clearly that such statement, in the sworn statement, was by mistake. But such evidence must be of the clearest and most satisfactory kind. The master was right in making the charge upon such sworn statement, without any other proof by the other party.

Argued on exceptions to the master's report.

*Mr. E. T. Green,* for exceptants.

*Mr. J. Wilson,* for complainant.

THE CHANCELLOR.

All the exceptions that were insisted on by the counsel for the exceptants, except so much of the fourth exception as relates to corn sold to B. Reed and sons, were overruled at the argument. This was reserved for further consideration, upon being furnished with a copy of all the testimony relating thereto.

I have examined that testimony, and find that the master made the charge from an account furnished by the exceptants, of all the cash received by Smith and Warwick from the Marlatt

farms. This account charges them with cash received from B. Reed and sons, for corn, two hundred and forty-five seventieths bushels—$160.50. The exceptants testified that this account was carefully made out by the exceptant, Smith, in presence of, and with the approval of Warwick. The master, upon this evidence, ought to have made the charge, if there was nothing to contradict it. Such evidence, although the account was corroborated by the oath of both, including Warwick, who had personal knowledge of the transaction, may still be shown to be a mistake, and be corrected. But it should only be overcome by the clearest and most convincing proof.

It should not be disallowed, unless the exceptants had declared before the master that this item in the account was a mistake, and had, by the testimony of one of them, shown that it was a mistake, and in what the mistake consisted. The complainant had good right to rely on the admission in that account, and to omit producing other evidence before the master to sustain it.

The evidence referred to by the counsel for the defendants throws some doubt over the correctness of that charge, but not sufficient to overcome the admission by the defendants, confirmed by their oaths. The master was right, as the case stood before him, in allowing this charge. It was possible that some corn from the Marlatt farms, other than that sold by the sheriff to Warwick, might have been furnished to B. Reed and sons. Some of the crop of 1863 might have been sold before Smith and Warwick's replevy. In *Exhibit No.* 1 the charge is made in the year 1863. The sheriff's sale was in March, 1864, and if the sale to Reed was in 1863, it could not have been the corn sold by the sheriff.

This exception must also be overruled.